******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

McDONALD, J., with whom ECKER, J., joins, dissenting. This court today sets the troubling precedent that an intoxicated person admitted to a hospital for medical treatment, attached to an intravenous catheter (also called a IV), and informed that he should not leave until he has reached the point of medical sobriety, and subjected to a cumulative hour of questioning over a period of approximately four hours by five separate police officers, many of whom were in uniform or visibly carrying weapons, is nevertheless not in custody for purposes of *Miranda*.[1]

In this certified appeal, this court must consider whether the defendant, Alexander A. Garrison, was in custody when he spoke with police officers during his admission to, and treatment in, the hospital. See *State* v. *Garrison*, 345 Conn. 959, 285 A.3d 52 (2022). Further, if he was in custody, we must consider whether the trial court's admission of the statements the defendant made during that interaction with the police was harmless beyond a reasonable doubt. See id. The Appellate Court reversed the trial court's judgment and remanded the case for a new trial after determining that the defendant was in custody when he spoke with the police. See *State* v. *Garrison*, 213 Conn. App. 786, 790, 841, 278 A.3d 1085 (2022). The Appellate Court also determined that the improper admission of these statements was not harmless beyond a reasonable doubt. See id., 790, 832, 840–41. I agree with the reasoning of the Appellate Court and would affirm its judgment.

The opinion of the Appellate Court thoroughly and accurately sets forth the facts and evidence considered by the trial court. The state contends that the Appellate Court's judgment should be reversed because a "reasonable person in the defendant's position would not believe that he was in police custody," specifying, among other

---

[1] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

factors, that the defendant voluntarily sought admission at the hospital, he was never restrained or any restraint was "minor," and, although the defendant spoke with a total of five police officers, the majority of the time, he spoke with only a single officer. The state also argues that the Appellate Court erred in finding that the admission of the statements was not harmless beyond a reasonable doubt because "the state's case was very strong and supported by overwhelming evidence . . . ." The defendant contends that the Appellate Court correctly determined that he was in custody when he spoke with police officers after admitting himself to the hospital and that the state has failed to demonstrate that the improper admission of the defendant's statements was harmless beyond a reasonable doubt.

My examination of the record and briefs, and consideration of the parties' arguments, persuades me that this court should affirm the Appellate Court's judgment. Because the Appellate Court's well reasoned opinion fully addresses both of the certified issues in this appeal, it would serve no useful purpose for me to repeat the discussion contained in that opinion. I therefore adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law and reasoning concerning both issues. See, e.g., *State* v. *Henderson*, 330 Conn. 793, 799, 201 A.3d 389 (2019).

Accordingly, I respectfully dissent.